IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ALI MOORE,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BALTIMORE POLICE DEPARTMENT,** *et al.*,<br><br>*Defendants*. | Civil No.: 1:25-cv-02238-JRR |

## MEMORANDUM AND ORDER

Plaintiff Ali Moore, a self-represented litigant, filed a Complaint (ECF No. 1) together with two Motions for Leave to Proceed *In Forma Pauperis* (the "Motions"). (ECF Nos. 2, 10.) Because Plaintiff appears indigent, the Motions (ECF No. 2, 10) will be granted. However, for the reasons set forth below, Plaintiff's Complaint will be dismissed.

Plaintiff initiated this action *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1), which permits a litigant who is indigent to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous, malicious, or fails to state a claim on which relief may be granted.[1] 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Further still, "[f]rivolous complaints are subject to dismissal pursuant to the court's inherent authority, even when the plaintiff has paid the filing fee." *Smith v. Kagan*, 616 F. App'x 90 (4th Cir. 2015); *see Chong Su Yi v. Soc. Sec. Admin.,* 554 F. App'x 247, 248 (4th Cir. 2014) (same); *Ross v. Baron*, 493 F. App'x 405, 406 (4th Cir. 2012) (same).

---

[1] This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp*. *v. Twombly*, 550 U.S. 544, 555–56 (2007)).

1

Plaintiff brings this "civil rights and federal tort action" against Defendants Baltimore Police Department ("BPD"), "unidentified Baltimore Police Officers" (collectively "BPD Doe Defendants"), and "unidentified agents or contractors of the Central Intelligence Agency" ("CIA Doe Defendants"). (ECF No. 1 at p. 1.) Plaintiff alleges that Defendants "conspired and collaborated to harass, intimidate, and unlawfully deprive Plaintiff of rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, as well as federal statutes including the Civil Rights Act of 1871 (42 U.S.C. § 1983), the Civil Rights Act of 1964, and the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671-2680." *Id.* The alleged violations include "failure to remove home invaders" from his residence, "deliberate indifference and delay in policy response, police misconduct, and emotional distress caused by the actions and inactions of law enforcement," and "CIA involvement" based on proximity to "Maryland State University," "a known major recruitment hub for the CIA" in the region. *Id.* at p. 2. Specifically, Plaintiff alleges that on or about July 7, 2022, he required immediate police assistance for a home invasion, seemingly an "armed squatter." *Id.* at pp. 2–3. However, BPD and its officers "failed to respond in a timely manner and did not remove the home invaders." *Id.*

Plaintiff raises the following counts:

> Count I: Violation of 42 U.S.C. § 1983
> Count II: Violation of 42 U.S.C. § 1983
> Count III: Violation of the Civil Rights Act of 1964
> Count IV: Violation of the Fourth and Fourteenth Amendment
> Count V: Negligence and Gross Negligence
> Count VI: Intentional Infliction of Emotional Distress
> Count VII: Municipal Liability (BPD)
> Count VIII: Respondeat Superior Liability
> Count IX: Federal Tort Claims Act

(ECF No. 1 at p. 4.)

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561. Further, under Federal Rule of Civil Procedure 8(a), a pleading which sets forth a claim for relief, shall contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought.

FED. R. CIV. P. 8(a). Each "allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Having reviewed Plaintiff's Complaint, the court has determined it is properly subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2) for the reasons that follow.

### A. CIA Doe Defendants and Federal Tort Claims Act Claim

As an initial matter, any asserted claims against the CIA Doe Defendants are plainly deficient because Plaintiff does not allege any facts to support their plausible involvement in the underlying events at issue. Plaintiff's allegations instead rely purely on speculation—that CIA Doe Defendants' involvement is "highly likely, given the proximity of Maryland State University, a known major recruitment hub for the CIA." (ECF No. 1 at p. 2.) Allegations based on mere

speculation are insufficient to state a claim. *See Twombly*, 550 U.S. at 555, *supra*. Further, by virtue of dismissal of CIA Doe Defendants, Plaintiff's claim under the Federal Tort Claims Act fails.[2] *See Ealy v. Toey*, No. GLR-15-545, 2016 WL 1077106, at *5 (D. Md. March 18, 2016) (explaining that "the Federal Tort Claims Act, 28 U.S.C. § 2674, applies to the federal government, not state and local governments").

### B. Claims under the Fourth Amendment and 42 U.S.C. § 1983

Plaintiff's Fourth Amendment claim, seemingly brought under §1983, is similarly properly subject to dismissal. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. AMEND. IV. Plaintiff here has not alleged that BPD Defendants conducted an unreasonable search or seizure, or otherwise invaded his reasonable expectation of privacy; nor do his factual allegations (broadly construed) support a showing of same.

### C. Claims under the Fourteenth Amendment and 42 U.S.C. §1983

Plaintiff's Fourteenth Amendment claim, also seemingly brought under § 1983, faces the same fate. Relevant here, the Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV, § 1. The Equal Protection Clause of the Fourteenth Amendment further prohibits states from "deny[ing] to any person within its jurisdiction the equal protection of the laws." *Id.* Plaintiff's Complaint is devoid of facts to support a plausible claim under either clause.

As to any due process claim, Plaintiff fails to allege "a constitutionally protected 'liberty' or 'property' interest, and that he has been deprived of that protected interest by some form of state action." *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 167, 172 (4th Cir. 1988) (citations

---

[2] For brevity, the court does not address other ways Plaintiff's Federal Tort Claims Act claim may be deficient.

omitted)). Even assuming he intended to assert deprivation in the form of inaction, his claim similarly fails. "[T]he Due Process Clause[] generally confer[s] no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989). A "narrow" exception to this general rule exists where the state actor "affirmatively acts to create or increase the risk that resulted in the victim's injury." *Graves v. Lioi*, 930 F.3d 307, 319 (4th Cir. 2019). For this narrow exception to apply, Plaintiff must allege facts to show that "the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission." *Id.* at 439. Plaintiff's Complaint fails to allege any factual basis of same.

Further, to state a claim for violation of the Equal Protection Clause, "a plaintiff must plausibly allege first 'that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination.'" *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (citation omitted). Plaintiff has not alleged as such here.[3]

**D. Claims under 42 U.S.C. § 1985**

Plaintiff again fails to allege facts to support any claims raised under 42 U.S.C. § 1985. The Supreme Court has recognized the five broad categories of conspiratorial activity under §1985:

> Three of the five broad categories, the first two and the fifth, relate to institutions and processes of the federal government—federal officers, § 1985(1); federal judicial proceedings, the first portion of § 1985(2); and federal elections, the second part of § 1985(3). The

---

[3] To the extent Plaintiff seeks municipal liability against BPD for any of his constitutional/§ 1983 claims under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), his claims fail for the same reasons. Additionally, as to respondeat superior liability based on same, "a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 692.

> statutory provisions dealing with these categories of conspiratorial activity contain no language requiring that the conspirators act with intent to deprive their victims of the equal protection of the laws. Nor was such language found in the corresponding portions of § 2 of the 1871 Act. . . .
>
> The remaining two categories, however, encompass underlying activity that is not institutionally linked to federal interests and that is usually of primary state concern. The second part of § 1985(2) applies to conspiracies to obstruct the course of justice in state courts, and the first part of § 1985(3) provides a cause of action against two or more persons who "conspire or go in disguise on the highway or on the premises of another." Each of these portions of the statute contains language requiring that the conspirators' actions be motivated by an intent to deprive their victims of the equal protection of the laws.

*Kush v. Rutledge*, 460 U.S. 719, 724–25 (1983) (footnotes omitted).  For the categories that invoke deprivation of equal protection, "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *see Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269 (1993) (discussing same).

The first three § 1985 categories discussed are inapplicable here, as Plaintiff has not alleged conspiracies related to the institutions and processes of the federal government (excepting, perhaps, his claims against CIA Defendants, which lack any factual basis).  Of the latter two categories, Plaintiff has not alleged any "racial, or perhaps otherwise class-based invidiously discriminatory animus." *See Griffin*, 403 U.S. at 102, *supra*.  Moreover, Plaintiff has otherwise not alleged any facts to support any of the § 1985 bases described above.

E. **Claims under Civil Rights Act of 1964**

Plaintiff's assertion under the Civil Rights Act of 1964 is similarly lacking in factual allegations to support its application here.  Plaintiff does not identify the basis for his purported claim or the Title under which he asserts his claim.  *See Swierkiewicz v. Sorema N. A.*, 534 U.S.

6

506, 512 (2002) (explaining that a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests" (citation omitted)). Even assuming Plaintiff intended to assert a claim under Title VI, Plaintiff has failed to allege facts in support of any such claim. To state a claim of action under Title VI, a "plaintiff must plead sufficient facts supporting that (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin." *Carroll v. Walden Univ., LLC*, 650 F. Supp. 3d 342, 355 (D. Md. 2022) (quoting *Evans v. 7520 Surratts Rd. Operations, LLC*, No. 8:21-CV-01637-PX, 2021 WL 5326463, at *4 (D. Md. Nov. 16, 2021)). Plaintiff has alleged neither here.

### F. State Law Claims

Having determined that Plaintiff's federal claims (and his claims against the CIA) are properly subject to dismissal, the court lacks jurisdiction over his remaining state law claims. Plaintiff's state law claims—negligence and gross negligence, intentional infliction of emotional distress, and municipal and respondeat superior liability (to the extent these claims are based on state law)—do not arise under federal laws. Accordingly, this court can only exercise jurisdiction over Plaintiff's remaining claims if Plaintiff and BPD were citizens of different states, and the amount in controversy exceeded $75,000. 28 U.S.C. § 1332(a). Diversity of citizenship is not met here where Plaintiff is a citizen of Maryland and he brings this action against BPD, which was, at the time, a state agency.[4] *See Mayor & City Council of Baltimore v. Clark*, 404 Md. 13, 28 (2008) (holding that, at that time, "the Baltimore City Police Department is a state agency"). Accordingly, the court discerns no basis for its exercise of jurisdiction over Plaintiff's state law claims. *See also Henderson v. Harmon*, 102 F.4th 242, 251–52 (4th Cir. 2024) (holding that the district court has

---

[4] The citizenship of BPD Doe Defendants, for purposes of this analysis, is obviously unknown.

"broad discretion" to decline to exercise supplemental jurisdiction over any remaining state law claims when it has dismissed all claims over which it has original jurisdiction) (quoting 28 U.S.C. § 1367(c))).

Accordingly, for the foregoing reasons, it is this 21st day of August 2025,

**ORDERED** that the Plaintiff's Motions for Leave to Proceed *In Forma Pauperis* (ECF No. 2, 10) shall be, and is hereby, **GRANTED**; and further it is

**ORDERED** that Plaintiff's Complaint (ECF No. 1) shall be, and is hereby, **DISMISSED without prejudice**; and further it is

**ORDERED** that Madam Clerk shall **CLOSE** this case and furnish a copy of this order to Plaintiff.

/S/

_____
Julie R. Rubin
United States District Judge